IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40159
Summary Calendar
_____

EARL A. ODOM,

                                        Petitioner-Appellant,

versus

TIMOTHY WEST; T. SIMPSON, Major;
GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,
Company Departments,

                                        Respondents-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CV-820
- - - - - - - - - - -

February 25, 1999

Before KING, Chief Judge, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Earl Odom, Texas prisoner # 570397, appeals the district court's order dismissing his petition, which was filed as a 28 U.S.C. § 2241 habeas corpus, for 1) failure to state a claim upon which relief could be granted and 2) failure to comply with the magistrate judge's order for a more definite statement.

    Odom titled his suit as a 28 U.S.C. § 2241 petition; however, a review of his pleadings reveals that he raised both

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

habeas claims (his challenge to the loss of good time and his request for the reinstatement of such time) and 42 U.S.C. § 1983 claims (his claims that 1) he was assigned work with deliberate disregard to a serious medical condition, 2) he was deliberately refused medical assistance for a serious medical condition, and 3) the prison officials' actions were based upon retaliatory motives).  To the extent the district court dismissed Odom's § 2241 petition because he raised § 1983 claims, the district court erred.  The district court should have reviewed the essence of Odom's claims regardless of the title affixed to the suit and should have separated the habeas claims from the § 1983 claims. See United States v. Santora, 711 F.2d 41, 42 n.1 (5th Cir. 1983); Patton v. Jefferson Correctional Ctr., 136 F.3d 458, 463-64 (5th Cir. 1998).

The district court also erred in dismissing the habeas petition for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  Rule 12(b)(6), Fed. R. Civ. P., is inappropriate practice in habeas corpus.  Browder v. Director, Dep't of Corrections of Ill., 434 U.S. 257, 269 n.14 (1978).  The standards of Rule 12(b)(6) and § 1915(e)(2)(B)(ii) are the same. Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).

The district court dismissed Odom's petition without prejudice, based upon Odom's failure to comply with the magistrate judge's orders for a more definite statement.  Because Odom's § 1983 claims are now barred by the statute of limitations, we review the dismissal of these claims as one with prejudice.  See Long v. Simmons, 77 F.3d 878, 880 (5th Cir.

1996).  Our review of the record reveals that there was no purposeful delay or contumacious conduct by Odom with regard to the magistrate judge's orders.  The district court could have employed lesser sanctions before dismissing the suit.  Accordingly, the district court's dismissal under Fed. R. Civ. P. 41(b) was an abuse of discretion.  See Long, 77 F.3d at 880.

Odom seeks a certificate of probable cause (CPC) to appeal the district court's judgment.  CPC is GRANTED for Odom's habeas claims.  We note, however, that the record does not indicate whether Odom has exhausted his state remedies in accordance with 28 U.S.C. § 2254(b)(1995), and the district court should make such a determination when addressing the habeas claims.

The district court's order dismissing Odom's suit is thus VACATED, and we REMAND.